NO. CAAP-14-0001055

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

LELAND H. DAO, Respondent-Appellant, v.
ZONING BOARD OF APPEALS, CITY AND COUNTY OF
HONOLULU, STATE OF HAWAII, Agency-Appellee, and
DIRECTOR OF THE DEPARTMENT OF PLANNING AND PERMITTING,
CITY AND COUNTY OF HONOLULU, STATE OF HAWAII, Petitioner-Appellee

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2180-08)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this administrative appeal that Respondent/Appellant/Appellant Leland H. Dao (Appellant Dao) has asserted from the Honorable Rhonda A. Nishimura's August 14, 2014 interlocutory decision and order denying and dismissing Appellant Dao's administrative appeal, because the circuit court has not yet reduced the August 14, 2014 interlocutory order to a separate final judgment document, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2014) requires under Rule 58 and Rule 72(k) of the Hawai‘i Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai‘i 115, 119, 869 P.2d 1334, 1338 (1994).

When a circuit court adjudicates an appeal from an administrative agency order, "[r]eview of any final judgment of

the circuit court under this chapter shall be governed by chapter 602." HRS § 91-15 (1993). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (1993 & Supp. 2014). Under Hawai'i law, "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered <u>in favor of and against the appropriate parties</u> pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). HRCP Rule 72(k) similarly requires that, upon a circuit court's adjudication of an administrative appeal, "the court having jurisdiction shall enter judgment." HRCP Rule 72(k). Therefore, the separate judgment document rule under the holding in <u>Jenkins</u> applies to a secondary appeal from a circuit court order that adjudicates an administrative appeal. <u>See</u>, <u>e.g.</u>, <u>Raquinio v. Nakanelua</u>, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in <u>Jenkins</u> apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations.").

On September 29, 2014, the circuit court clerk filed the record on appeal herein which does not contain a final judgment. Absent an appealable final judgment, Appellant Dao's appeal is premature and we lack appellate jurisdiction.

2

Accordingly, IT IS HEREBY ORDERED AND DECREED that this case is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 5, 2015.

On the motion:

Peter Knapman
for Respondent-Appellant

Presiding Judge

Associate Judge

Associate Judge